IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02338-GPG

GEORGE WHITE,

    Plaintiff,

v.

TRISHA KAUTZ P.A. (19957),
JAMIE SOUCIE (12620),
JOHN CHAPDELAINE,
JOHN W. HICKENLOOPER,

    Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, George White, is a prisoner in the custody of the Colorado Department of Corrections, currently incarcerated at the Sterling Correctional Facility. Mr. White has filed *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983. Mr. White has been granted leave to proceed *in forma pauperis*. (ECF No. 4).

    The Court must construe Mr. White's Prisoner Complaint liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. White will be ordered to file an amended Prisoner Complaint if he wishes to pursue his claims in this action.

2

Under § 1983, a plaintiff must allege that the defendants have violated his or her rights under the Constitution and laws of the United States while they acted under color of state law. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970). Plaintiff asserts three claims against the Defendants: (1) "Eight [sic] Amendment Right and U.S. Constitutional Violations" ; (2) Deliberate Indifference; and (3) Medical Malpractice. Plaintiff seeks injunctive relief and money damages.

Plaintiff alleges that Defendants deprived him of adequate medical care by refusing to provide a necessary surgery for his severe spinal condition. As a result of being denied the surgery, he alleges he suffered a stroke.

Initially, it appears that Plaintiff's second claim, of "Deliberate Indifference," is actually part of his first claim of an Eighth Amendment violation based on Defendants depriving him of adequate medical care. To state an Eighth Amendment violation in the context of medical treatment, an inmate must demonstrate two elements: (1) he was suffering from a "serious medical need," and (2) prison officials were deliberately indifferent to the serious medical need. *Gamble v. Estelle*, 439 U.S. 97 (1978). Accordingly, the factual allegations included in Plaintiff's "deliberate indifference" claim should be included in Plaintiff's first claim alleging an Eighth Amendment violation based on a deprivation of adequate medical care.

Next, Plaintiff's third claim of "medical malpractice" is a state law tort claim, not a federal or constitutional right claim cognizable under § 1983. The Tenth Circuit conclusively determined that "medical malpractice is not compensable under § 1983 because inadvertent failure to provide adequate medical care or negligence in diagnosing  or treating a medical condition does not violate the Eighth Amendment."

3

*Braxton v. Wyandotte County Sheriff's Dep't*, 206 Fed. Appx. 791, 793 (10th Cir. 2006). Additionally, "medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106.  Any claim based on medical malpractice should be brought in the appropriate state form.

Additionally, Plaintiff does not clearly identify the Defendants.  There are four Defendants listed on the caption page of the complaint, but in the "Parties" section of the complaint, there are five Defendants listed.  It is Mr. White's responsibility, not the Court's or Defendants', to make clear who is being sued.  In the amended Prisoner Complaint, Mr. White should list the same defendants on the caption page as those listed in the section titled "Parties."  Mr. White is also reminded that claims based on § 1983 must be against a "person," not a business or company.

Further, Plaintiff fails to allege specific facts in support of the Eighth Amendment claim that demonstrate how each named Defendant personally participated in the asserted constitutional violation. *See Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) (allegations of "personal participation in the specific constitutional violation complained of [are] essential").  To establish personal participation, there must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

Furthermore, to the extent Plaintiff is naming supervisory officials as defendants, a defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Rather,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id*. at 1199.

Therefore, Plaintiff will be ordered to file an amended complaint. Plaintiff should clearly identify the Defendants and the § 1983 claims asserted, and name as Defendants only those persons he contends actually violated his federal constitutional rights. Plaintiff "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that **within thirty days from the date of this Order**, Plaintiff shall file an Amended Complaint that complies with this Order. It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant),

along with the applicable instructions, at www.cod.uscourts.gov, to be used in filing the Amended Complaint.  It is

FURTHER ORDERED that if Plaintiff fails to file an Amended Complaint that complies with this Order within the time allowed, the Court will proceed to review the merits of the original Complaint and some of the claims and defendants may be dismissed without further notice.

DATED October 26, 2015, at Denver, Colorado.

BY THE COURT:

Gordon P. Gallagher
United States Magistrate Judge