IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02338-GPG

GEORGE WHITE,

      Plaintiff,

v.

TRISHA KAUTZ P.A. (19957),
JAMIE SOUCIE (12620),
JOHN CHAPDELAINE,
JOHN W. HICKENLOOPER,

      Defendants.

---

## ORDER OF DISMISSAL

---

      Plaintiff, George White, is a prisoner in the custody of the Colorado Department
of Corrections, currently incarcerated at the Sterling Correctional Facility.  Mr. White has
filed *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983.  Mr. White
has been granted leave to proceed *in forma pauperis*. (ECF No. 4).

      The Court must construe Mr. White's Prisoner Complaint liberally because he is
not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);
*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not
be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  On October 26, 2015,
the Court ordered Mr. White to file an amended Prisoner Complaint if he wished to
pursue his claims in this action. (ECF No. 5).  Mr. White has failed to file an amended

Prisoner Complaint within the time allowed.  Therefore, the Court will proceed to review the merits of the original Prisoner Complaint.  For the reasons stated below, Mr. White's Prisoner Complaint will be dismissed.

## A.  Prisoner Complaint

Mr. White brings claims pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983. Under § 1983, a plaintiff must allege that the defendants have violated his rights under the Constitution and laws of the United States while they acted under color of state law. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970).  Plaintiff asserts three claims against the Defendants: (1) "Eight [sic] Amendment Right and U.S. Constitutional Violations;"  (2) Deliberate Indifference; and (3) Medical Malpractice.  Plaintiff seeks injunctive relief and money damages.

Although not a model of clarity, the Prisoner Complaint alleges that Defendants deprived Plaintiff of adequate medical care by refusing to provide a necessary surgery for an unspecified spinal condition.  As a result of being denied the surgery, he alleges he suffered a stroke.

## B.  Analysis

Initially, it appears that Plaintiff's second claim, of "Deliberate Indifference," is actually part of his first claim of an Eighth Amendment violation based on Defendants depriving him of adequate medical care.  To state an Eighth Amendment violation in the context of medical treatment, an inmate must demonstrate two elements:  (1) he was suffering from a "serious medical need," and (2) prison officials were deliberately indifferent to the serious medical need. *Gamble v. Estelle*, 439 U.S. 97 (1978).  The first

2

showing requires the court *objectively* to determine whether the medical need was "sufficiently serious."  "[I]t is the harm claimed by the prisoner that must be sufficiently serious to satisfy the objective component, and not solely 'the symptoms presented at the time the prison employee has contact with the prisoner.'" *Martinez*, 563 F.3d at 1088 (quoting *Mata v. Saiz*, 427 F.3d 745, 753 (10th Cir. 2005)).  "A medical need is sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000) (internal quotation omitted).

The second prong requires the court *subjectively* to determine whether the officials acted with a sufficiently culpable state of mind, known as deliberate indifference.  While an intentional refusal to provide any medical treatment to an inmate suffering from a serious medical need manifests deliberate indifference and is actionable under the Eighth Amendment, the Constitution does not require that a prisoner receive every medical treatment that he requests or that is available elsewhere. A disagreement as to the appropriate choice of medical treatment does not give rise to a constitutional violation because the "right to be free from cruel and unusual punishment does not include the right to the treatment of one's choice." *Layne v. Vinzant*, 657 F.2d 468, 473 (1st Cir. 1981).

Even assuming Plaintiff had a serious medical need, Plaintiff's allegations fall far short of establishing deliberate indifference, *i.e.*, that any Defendant acted with a sufficiently culpable state of mind.  To establish the subjective component, a plaintiff

must show that jail officials "knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 837. Specifically, a jail official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* "The question is: 'were the symptoms such that a prison employee knew the risk to the prisoner and chose (recklessly) to disregard it?'" *Martinez*, 563 F.3d at 1089 (quoting *Mata*, 427 F.3d at 753).

Plaintiff's allegations simply do not show that any Defendant acted with deliberate indifference.  Deliberate indifference to a serious medical need of a prisoner is distinguishable from a negligent diagnosis or treatment of a medical condition; only the former conduct violates the Eighth Amendment.

As to Defendant Kautz, Plaintiff alleges that she conducted "at least two medical examinations of Plaintiff as Plaintiff requested, [she] suggested Plaintiff purchase pain reliever from the canteen, thereby denying medical attention to plaintiff proves such deliberate indifference has accrued."  Although not clearly alleged, apparently there was a difference of medical opinion between Defendant Kautz and a Sterling Medical Center doctor.  Plaintiff alleges he was not given "proper medical treatment," but he fails to adequately allege what medical treatment the Sterling Medical Center doctor recommended.  There is a reference in the Prisoner Complaint that he "needed surgery," but it is unclear when or how it was determined he needed surgery.  Plaintiff's conclusory allegation that Defendant Kautz denied him medical treatment (when in fact Defendant Katuz did examine him at least twice and suggested he use over-the-counter

4

pain reliever) does not establish that she acted with deliberate indifference.  In sum, there is no allegation that suggests that any Defendant knew that Plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it.  Accordingly, Plaintiff's section 1983 deliberate indifference/medical treatment claim will be dismissed as legally frivolous. *See, e.g., Shue v. Laramie County Detention Center,* Civil No. 13–8064, 2014 WL 6807739, 4 (10th Cir. Dec. 4, 2014) (county officials were not deliberately indifferent to pretrial detainee's serious medical needs even if they delayed getting detainee medical treatment for leg injury following a slip and fall accident).

Next, Plaintiff's third claim of "medical malpractice" is a state law tort claim, not a federal or constitutional right claim cognizable under § 1983.  The Tenth Circuit conclusively determined that "medical malpractice is not compensable under § 1983 because inadvertent failure to provide adequate medical care or negligence in diagnosing  or treating a medical condition does not violate the Eighth Amendment." *Braxton v. Wyandotte County Sheriff's Dep't*, 206 Fed. Appx. 791, 793 (10th Cir. 2006). Additionally, "medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106.  As Plaintiff's constitutional Eighth Amendment claim will be dismissed, any state law claim based on medical malpractice should be brought in the appropriate state form.

In addition, the Court notes that Plaintiff's Complaint does not clearly identify the Defendants.  There are four Defendants listed on the caption page of the complaint, but

5

in the "Parties" section of the complaint, there are five Defendants listed.  It is Mr. White's responsibility, not the Court's or Defendants', to make clear who is being sued.

Further, Plaintiff fails to allege specific facts in support of his claims that demonstrate how each named Defendant personally participated in the asserted constitutional violation. *See Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) (allegations of "personal participation in the specific constitutional violation complained of [are] essential").  To establish personal participation, there must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  In the text of the Prisoner Complaint, the only Defendant specifically named is Defendant Kautz.  Therefore, even if the Prisoner Complaint had adequately alleged a valid constitutional claim, the Defendants, besides Defendant Kautz, would be dismissed for failure to allege personal participation.

Accordingly, it is

**ORDERED** that the Complaint and this action are **DISMISSED** with prejudice as legally frivolous.  It is

**FURTHER ORDERED** that leave to proceed *in forma pauperis* on appeal is denied.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

6

DATED at Denver, Colorado, this __3rd__ day of__December_____, 2015

BY THE COURT:

__s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court